IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIM. ACT. NO. 1:18-cr-116-TFM-MU |
| ) | CIV. ACT. NO. 1:23-cv-268-TFM |
| DARRELL EUGENE JOHNSON ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Darrell E. Johnson's Motion for Habeas Relief Pursuant to 28 U.S.C. § 2255* (Doc. 129, filed May 5, 2021) and the *United States' Response to Johnson's 28 U.S.C. § 2255 Motion* (Doc. 135, filed July 20, 2021). For the reasons stated below, the Court **DENIES** the petition for habeas relief under 28 U.S.C. § 2255.

**I.   BACKGROUND**

On April 26, 2018, the grand jury for the Southern District of Alabama returned a two count indictment charging Darrell Eugene Johnson ("Johnson" or "Defendant") with possession with intent to distribute methamphetamine (Count 1) and being a felon in possession of a firearm (Count 2). *See* Doc. 1. On March 1, 2019, the grand jury issued a superseding indictment which added an additional count that stated Johnson conspired to possess with intent distribute and manufacture methamphetamine. *See* Doc. 46. At the conclusion of trial, the jury convicted Johnson on all three counts. *See* Doc. 91.

Before sentencing, the probation officer prepared a presentence investigation report ("PSR"). *See* Docs. 96, 101. The PSR found the total offense level was 36 after adding two levels because Johnson possessed a dangerous weapon. *See* Doc 101 at 7. Both counsel for the United States and Defendant had the opportunity to submit their respective positions on the sentencing factors. *See* Docs. 97, 98. Johnson, through counsel, objected to the two level firearm adjustment

*See* Doc. 98. The Court convened a sentencing hearing on August 15, 2019. At the hearing, the Court overruled all the objections raised by Johnson and adopted the presentence report with the specific factual findings that the total offense level was 36 the criminal history category was IV and the resulting guidelines range was 262 to 327 months imprisonment. *See* Doc. 105. During allocution, counsel for Johnson vigorously argued for a downward variance. Ultimately, the Court sentenced Johnson to 262-months imprisonment. Specifically, the Court said that even if it erred in assigning Johnson two levels for the firearm, it still would have imposed 262-months imprisonment which was the bottom of the guidelines adopted by the Court and was the top of the guidelines range two levels below had the enhancement not applied.

With new counsel appointed for an appeal, Johnson perfected a timely appeal but did not challenge the firearms enhancement or criminal history calculation. On May 8, 2020, the Eleventh Circuit Court of Appeals affirmed the convictions and sentence. *See* Doc. 124. Subsequently, Johnson filed a motion for leave to file a habeas petition pursuant to 28 U.S.C. § 2255. *See* Doc. 129. The Court appointed counsel, held a status conference, and construed the request for leave as a motion to vacate under 28 U.S.C. § 2255. *See* Doc. 133.

In the instant habeas petition, Johnson argues his trial counsel was ineffective because his attorney did not object to the criminal history points assigned to him in paragraphs 35, 36, and 37 of the PSR. *See* Doc. 129 at 5. Johnson argues that without the addition of the criminal history points, the criminal history score would be II which yields a guidelines range of 210-262 months. The United States timely filed its response in opposition to which Johnson timely filed his reply. *See* Docs. 135, 136. The §2255 petition is fully submitted and the Court finds that an evidentiary hearing is unnecessary.

## II.     HABEAS LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. The limited scope of habeas relief is well established. Section 2255 permits such collateral challenges in four circumstances: (1) the imposed sentence violated the Constitution or the laws of the United States; the court exceeded its jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*) (quoting *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240, 60 L. Ed. 2d 805 (1979) and internal quotation marks omitted.). If a court determines it imposed a sentence in violation of § 2255, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. 28 U.S.C. § 2255(b). The movant, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

A motion under § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. *Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 155 L.Ed.2d 714 (2003); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *see, e.g., United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593, 71 L. Ed. 2d 816 (1982) (collecting cases showing § 2255 may not be a surrogate for a direct appeal). As a result, "the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief

under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232 (internal citations and quotations omitted). Moreover, a non-constitutional error that may justify review on direct appeal does not generally support a collateral attack on a final judgment unless it (1) could not have been raised on direct appeal and (2) would, if condoned result in a complete miscarriage of justice. *Id*. at 1232-33 (citing *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 3044 n.10, 49 L. Ed. 2d 1067 (1976)).

When a defendant has procedurally defaulted on his claim, he is barred from collaterally attacking his conviction in federal court unless he can demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial. To the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986). To show actual prejudice, the movant must demonstrate "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to her *actual* and substantial disadvantage, infecting [the entire trial court proceeding] with error of constitutional dimensions." *Frady*, 456 U.S. at 170, 102 S. Ct. at 1596.

In the context of overcoming a procedural default, "actual innocence" means factual innocence, and "[t]o establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'"

*Bousley*, 523 U.S. at 623, 118 S. Ct. 1604 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

And, a defendant is procedurally barred from raising arguments in a § 2255 which he has already raised and that have been rejected on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (citations omitted); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). A claim that was rejected on appeal does not merit rehearing on a §2255 motion when based on a different, but previously available, legal theory. *Nyhuis*, 211 F.3d at 1343. But, a defendant can overcome this procedural bar to relitigation if his new claim is based on an intervening change in substantive law. *Davis v. United States*, 417 U.S. 333, 342 (1974) ("[E]ven though the legal issue raised in a § 2255 motion was determined against the applicant on the merits on [direct appeal], the applicant may nevertheless be entitled to [collateral review on the legal issue] *upon showing an intervening change in the law.*" (emphasis added) (alteration and quotation marks omitted)).

### III.   DISCUSSION AND ANALYSIS

Johnson cannot show counsel was deficient under the law or Constitution for several reasons. First, even if the Court agreed with Johnson (which the Court does not), the sentence would have been 262 months which is the top end of the 210-262 months guidelines range as urged by Johnson or the bottom end of the 262-327 months guidelines range as found by the Court. Ergo, even if counsel was deficient, the outcome at sentencing would have been the same - thus Johnson fails to meet his burden. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Next, Johnson is factually incorrect regarding the criminal history points assessed in paragraph 35 of the presentence report. In paragraph 35, Johnson received 1 criminal history point

for his conviction for possession of a pipe used to unlawfully smoke crack cocaine on February 8, 2012. Johnson argues his possession of a pipe to smoke crack cocaine was relevant conduct in his case at trial. The United States did not present evidence at trial related to the February 8, 2012 incident. At trial, the United States presented evidence related to another incident wherein Johnson had a pipe to ingest narcotics thus the criminal history point was proper.

Third, Johnson does not fully articulate his objections to the criminal history points in paragraphs 36 and 37 but the Court agrees with the Government that even if the criminal history points were improper the resulting offense level would be 36, the criminal history category III and the resulting guidelines range would be 235-292 months. Nothing persuasive is before the Court that a sentence less than 262 months imprisonment is appropriate.

Finally, Johnson could have raised his criminal history or offense level computation on direct appeal but did not. The Court finds the issues were not raised because they had no merit or made no difference in the outcome thus no good reason exists to lift the general procedural bar.

The Court further finds that the file and records of the case conclusively show Johnson is not entitled to relief therefore a hearing is unnecessary. *See Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015).

### IV.   CONCLUSION

For the foregoing reasons, *Darrell E. Johnson's Motion for Habeas Relief Pursuant to 28 U.S.C. § 2255* (Doc. 129) is **DENIED** and **DISMISSED with prejudice**.

The Court further finds that Johnson is not entitled to a Certificate of Appealability. Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous,"

*Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good faith and therefore, Johnson is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** this 18th day of July, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.